IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-305-FL

| | | |
|---|---|---|
| MARTHA MCLAMB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings (DE ##17, 20) and plaintiff's timely objections to the memorandum and recommendation ("M&R") entered by the magistrate judge. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court rules in favor of defendant on the parties' cross-motions.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on August 1, 2003, alleging a disability onset date of April 23, 2003. After the claim was denied initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing, at which plaintiff was represented by counsel and a vocational expert ("VE") appeared and testified, was held on February 21, 2006. On June 21, 2006, the ALJ issued a decision denying plaintiff's claim. The Appeals Council denied plaintiff's request for review, thereby rendering the ALJ's decision the final decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff timely commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff argues that the ALJ's decision should be reversed because the ALJ improperly evaluated (1) plaintiff's mental impairment; (2) whether plaintiff's impairments meet or equal one of the Listings; (3) plaintiff's credibility; and (4) plaintiff's residual functional capacity ("RFC").

Through M&R entered March 11, 2009, United States Magistrate Judge Robert B. Jones, Jr. recommends that this court deny plaintiff's motion for judgment on the pleadings, grant defendant's motion, and uphold the final decision of the Commissioner. Plaintiff timely objected to the M&R.

## DISCUSSION

### A. Standard of Review

This court's role in reviewing defendant's final decision regarding plaintiff's disability status is limited to determining whether substantial evidence supports defendant's factual findings and whether the decision was reached through the application of the correct legal standards. See Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). It must be "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.

In addressing an objection to an M&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

## B. Analysis

Plaintiff objects that the ALJ failed to provide adequate explanation for his decision, in violation of DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983), and that the ALJ's decision is not supported by substantial evidence. For the reasons that follow, the court finds that plaintiff's objections are without merit.

Plaintiff first objects that the ALJ failed to properly explain the conclusions reached regarding plaintiff's mental impairment. Although plaintiff correctly cites DeLoatche, 715 F.2d at 150, for the proposition that remand is proper where an ALJ's decision lacks adequate explanation to permit meaningful judicial review, the court finds that in the instant case, the ALJ adequately explained his conclusions. As plaintiff concedes, the ALJ properly recited the "special technique" used to assess mental impairments and made the required findings regarding plaintiff's degree of functional limitation in (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R. § 404.1520a(c)(3). The ALJ documented application of the special technique and discussed the medical history and functional limitations considered in reaching the conclusion, as required by 20 C.F.R. § 404.1520a(e)(2). As the magistrate judge noted, the ALJ's decision includes a summary of findings and observations by plaintiff's doctors spanning from February 2001 to January 2006, which, as discussed more specifically in the M&R, provides adequate explanation for the ALJ's evaluation of plaintiff's mental impairment.

Plaintiff further objects that the ALJ failed to explain how someone with plaintiff's symptoms could be found to have only mild limitations of daily living and social functioning. This objection overlooks the ALJ's finding that plaintiff's statements concerning the intensity, duration,

3

and limiting effects of her symptoms were not entirely credible in light of plaintiff's longitudinal medical record. The ALJ considered the limitations alleged by plaintiff, but found them to be unsupported by the medical evidence. The court agrees with the magistrate judge that the ALJ properly assessed plaintiff's credibility in this regard.[1]

It appears plaintiff also objects to the ALJ's finding that plaintiff's past relevant work includes her work as an informal waitress, since, at step one of the sequential evaluation process, the ALJ found that plaintiff's earnings as a part-time waitress were less than substantial gainful activity. To the extent that these findings are inconsistent, the error is harmless, as the ALJ found plaintiff unable to perform any past relevant work and then continued to the fifth and final step of the sequential evaluation process.

Next, plaintiff objects that the ALJ failed to account for plaintiff's diabetes-related functional limitations in reaching the determination that plaintiff can perform light work. Specifically, plaintiff takes issue with the ALJ's failure to consider plaintiff's testimony that her blood sugar level would sometimes elevate while she was working, causing her to leave work before her shift had ended. While an ALJ must evaluate all of the evidence in the case record, there is no rigid requirement that the ALJ's decision cite to or discuss each piece of evidence. See Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005) (finding that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection" insufficient to enable the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole); Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) ("Although required to

---

[1] Plaintiff also argues that the ALJ erred by failing to reference plaintiff's earlier closed period of disability, which, according to plaintiff, enhances her credibility in the instant proceeding. The court finds no legal error in the ALJ's credibility determination, however, and finds that it is supported by substantial evidence in the record.

4

develop the record fully and fairly, an ALJ is not required to discuss every piece of evidence submitted."); Green v. Shalala, 51 F.3d 96, 101 (7th Cir.1995) ("A written evaluation of each piece of evidence or testimony is not required."). In this case, the ALJ discussed plaintiff's diabetes, including medical records from August 25, 2005, indicating that plaintiff's glucose level was stable. Accordingly, the court finds no error in the ALJ's failure to discuss plaintiff's testimony that she sometimes left work early due to fluctuations in her blood sugar level.

After a careful review, the court finds the magistrate judge's thoughtful and thorough recommendation to be in accordance with the law and supported by the facts of this case. This court agrees that the ALJ applied the proper legal standards in denying plaintiff's claim, and that the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Upon *de novo* review, the court hereby ADOPTS the M&R of the magistrate judge. The court therefore upholds the decision of the Commissioner. Plaintiff's motion for judgment on the pleadings is DENIED, and defendant's motion for judgment on the pleadings is GRANTED. The clerk is directed to close the case.

SO ORDERED, this the 14th day of July, 2009.

_____
LOUISE W. FLANAGAN
Chief United States District Judge

5

Case 5:08-cv-00305-FL   Document 24   Filed 07/14/09   Page 5 of 5